IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH P. MOFFITT, | : | Civil No. 3:19-CV-00899 |
| Plaintiff, | : | |
| v. | : | |
| TUNKHANNOCK AREA SCHOOL DISTRICT, *et al.*, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

**MEMORANDUM**

This case arises from an alleged wrongful termination in 2016. (Doc. 1 at 9.)[1] Plaintiff Joseph M. Moffitt ("Moffitt"), who was formerly employed as a principal at Tunkhannock Area School District ("TASD"), raises claims against the school and other defendants for violation of his due process rights, unlawful retaliation, breach of contract, and wrongful termination. (*Id.*) Before this court is the Defendants' motion to dismiss, which argues that the complaint is barred by the doctrines of issue and claim preclusion because the claims were previously before the Commonwealth Court of Pennsylvania. (Doc. 7.) Additionally, Defendants move to dismiss for failure to state a claim upon which relief may be granted. (*Id.*) For the reasons that follow, the motion to dismiss is granted.

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

Moffitt was a tenured employee at TASD who was terminated in 2016 following two arrests for driving under the influence. (Doc. 1 ¶¶ 4, 17, 25, 30.) Moffitt appealed his termination to the Secretary of Education ("Secretary"). (*Id.*)

On May 9, 2017, the Secretary affirmed TASD's decision to terminate Moffitt. (Doc. 8-1.) The Secretary determined that Moffitt's due process rights were not violated, that TASD did not violate the American with Disabilities Act, that Moffitt's lack of discipline from the Professional Standards and Practices Commission was irrelevant to his termination, and that TASD established grounds for Moffitt's termination. (*Id.*)

Moffitt filed a petition for review in the Commonwealth Court where the respondents were Defendant TASD and Defendant Tunkhannock Area School District Board of School Directors ("Board"). (Doc. 8-2.) Moffitt argued that the Defendants wrongfully terminated him. (Doc. 8-2 at 7.) Moffitt additionally argued that his termination constituted unlawful retaliation due to an unrelated federal lawsuit; that the Defendants violated the Americans with Disabilities Act; that he was not disciplined under the Professional Standards and Practices Commission; that he did not drive under the influence while working or on

---

[2] For a detailed discussion of the underlying facts of this case, see the Commonwealth Court's opinion. *Moffitt v. Tunkhannock Area Sch. Dist.*, 192 A.3d 1214 (Pa. Commw. Ct. 2018).

campus; and that his *Loudermill* hearing[3] was unconstitutional. (*Id.*) On August 13, 2018, the Commonwealth Court concluded that the Secretary did not err in upholding the Board's decision, that the Defendants did not wrongfully terminate Moffitt, and that his additional arguments had no merit. (*Id.*)

Moffitt filed a complaint with this court on May 28, 2019, asserting five claims against Defendant TASD, Defendant Board and Defendants Phillip Farr ("Farr"), William R. Weidner ("Weidner"), John M. Burke ("Burke"), Frank P. Galicki ("Galicki"), William Prebola ("Prebola"), Holly Arnold ("Arnold"), Robert J. Parry, III ("Parry"), and William Swilley ("Swilley") in their official capacities as members of the Board and in their individual capacities. (Doc. 1.) In Count I, Moffitt alleges Defendants violated his procedural due process rights by suspending him without pay and terminating his employment. (*Id.* ¶¶ 38–41.) In Count II, Moffitt alleges Defendants violated his procedural due process rights by failing to adhere to pre-termination hearing requirements. (*Id.* ¶¶ 42–46.) In Count III, Moffitt alleges Defendants retaliated against him for filing an unrelated federal lawsuit. (*Id.* ¶¶ 47–56.) In Count IV, Moffitt alleges Defendants breached their contract with him. (*Id.* ¶¶ 57–72.) In Count V, Moffitt alleges Defendants

---

[3] Employees with a protected property interest in continued employment are entitled to an opportunity to hear and respond to charges against them prior to being deprived of continued employment. *Loudermill v. Cleveland Bd. Of Educ.*, 470 U.S. 532 (1985).

wrongfully terminated and suspended him in violation of the Pennsylvania School Code and public policy.  (*Id.* ¶¶ 73–81.)

On September 16, 2019, Defendants filed a motion to dismiss the complaint, along with a brief in support of their motion.  (Docs. 7–8.)  Defendants argue that Counts I, II, III, and V of the complaint should be dismissed under the issue preclusion doctrine, and that all claims should be dismissed under the claim preclusion doctrine, excluding those against the Defendants named in their individual capacities.  (Doc. 8.)  Defendants additionally argue that the complaint should be dismissed for failure to state a claim upon which relief may be granted.  (*Id.*) Moffitt opposed the motion to dismiss on September 30, 2019.  (Doc. 11.)  The motion to dismiss is now ripe for decision.

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States, and under § 1367(a), which allows a district court to exercise supplemental jurisdiction over claims forming part of the same case or controversy under Article III in civil actions where the district court has original jurisdiction.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

The court will first address the Defendants' argument that Counts I, II, III, and V should be dismissed under the issue preclusion doctrine. Next, the court will analyze the Defendants' argument that all of Moffitt's claims, excluding those against Defendants named in their individual capacities, should be dismissed under

the claim preclusion doctrine.  Finally, the court will address the Defendants' argument that the entire complaint should be dismissed for failure to state a claim.

### A. Issue Preclusion

Issue preclusion, also referred to as collateral estoppel, bars re-litigation of an issue identical to an issue that was raised in a prior action. *Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 189 (3d Cir. 1993).  Defendants contend that the Commonwealth Court's decision gives rise to issue preclusion in this case with respect to Counts I, II, III, and V.  (Doc. 8 at 7.)  Decisions from the Commonwealth Court can have preclusive effect on actions brought in federal court. *Edmundson*, 4 F.3d at 189.

> Issue preclusion applies when five conditions are met:
>
> (1) the issue decided in the prior case is identical to the one presented in the later action; (2) there was a final adjudication on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment.

*Office of Disciplinary Counsel v. Kiesewetter*, 889 A.2d 47, 50–51 (Pa. 2005). Issue preclusion is an affirmative defense that the moving party must prove. *See Weiner v. Lex*, 176 A.3d 907, 926 (Pa. Super. Ct. 2017).  The defense will not prevail if the moving party fails to establish any of the elements of the defense. *Perelman v. Perelman*, 125 A.3d 1259 (Pa. Super. Ct. 2015).  Issue preclusion can

6

be raised in a motion to dismiss. *M&M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir. 2010) ("With respect to when a court may consider the preclusive effect of a state court judgment, although issue preclusion is an affirmative defense, it may be raised in a motion to dismiss under Federal Civil Procedure Rule 12(b)(6)." (quoting *Connelly Found. v. Sch. Dist. of Haverford Twp.*, 461 F.2d 495, 496 (3d Cir. 1972))).

In this case, Defendants do not argue that there was a final judgment in the prior action. (Doc. 8 at 6–8.) The Defendants also do not argue that the issue was essential to the judgment in the prior order. (*Id.*) Therefore, since the burden is on the Defendants to prove every element of the defense, and the Defendants fail to prove the second and fifth elements of the defense, the issue preclusion argument fails. *Perelman*, 125 A.3d at 1259.

### B. Claim Preclusion

Having determined that the Defendants' issue preclusion argument fails, the court turns its attention to the Defendants' claim preclusion argument. Claim preclusion, also referred to as res judicata, applies to claims that were raised in a prior action and claims that could have been raised in a prior action. *R&J Holding Co. v. Redevelopment Auth.*, 670 F.3d 420, 427 (3d Cir. 2011). Under Pennsylvania law, claim preclusion applies when "(1) the thing sued upon or for;

(2) the cause of action; (3) the persons and parties to the actions; and (4) the capacity of the parties to sue or be sued" are the same in both suits. *Id.*

Here, the court concludes that all of Moffitt's claims are precluded against Defendant TASD, Defendant Board, and the individual defendants named in their official capacities under the claim preclusion doctrine. The court addresses each element of the claim preclusion analysis below.

### 1. The Thing Sued Upon or For Is the Same in Both Suits

To determine what was "sued upon or for," courts look at the "alleged wrongful act," also referred to as the subject matter of the case. *Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir. 1988). In this case, the wrongful act—Moffitt's allegedly wrongful termination—is the same in both suits. (*See* Doc. 8 at 9.)

### 2. The Cause of Action Is the Same

A court determines the identity of the causes of action by considering "whether the factual allegations of both actions are the same, whether the evidence is necessary to prove each action and whether both actions seek compensation for the same damages." *Sprague v. Cortes*, 223 F. Supp. 3d 248, 274–75 (M.D. Pa. 2016) (quoting *Dempsey v. Cessna Aircraft Co.*, 653 A.2d 679, 681 (Pa. Super. Ct. 1995)). A court's "primary focus" should be "whether the ultimate and controlling issues have been decided." *Id.*

Weighing these factors leads this court to conclude that the causes of action for the two cases is the same for purposes of the claim preclusion analysis. In particular, the court notes that the material facts and the evidence necessary to prove the claims are the same in both cases. (*See* Doc. 8.)

In addition, although Moffitt's breach of contract claim was not raised in the state court action, it is still precluded here because it could have been raised in the prior action. *Sprague*, 223 F. Supp. 3d at 274 ("Res judicata applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action." (quoting *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995))).

### 3. The Persons and Parties to the Actions Are the Same and the Capacities of the Parties Are the Same

The third factor looks at whether the parties involved in the current action are the same as in the prior action. The fourth factor looks at whether the plaintiff is suing the defendants in their personal capacities or their official capacities. *Gregory*, 843 F.2d at 119–20. These two factors occasionally bleed into each other in situations like this, where the plaintiff sues multiple defendants who may be in privity because of some commonality or relationship. *Id.* at 119. In this case, Defendant Board is comprised of the individual Defendants named in their official capacities.

Though Moffitt, Defendant TASD, and Defendant Board were all parties in the prior suit, the individual Defendants need further analysis under the fourth factor. (Doc. 8 at 9.) Moffitt is suing the individual Defendants in their individual and official capacities. (Doc. 1.) Although the individual Defendants were not sued in the state action, naming defendants in their official capacities is another way of "pleading an action against an entity of which an officer is an agent." *Gregory*, 843 F.2d at 120. Claims against the Defendants in their official capacities are a duplication of claims against Defendant Board. *Id.* Therefore, the individuals named in their official capacities are the same as the parties in the prior action for purposes of claim preclusion.

Moffitt's individual capacity claims, on the other hand, survive the claim preclusion analysis because the Defendants named in their individual capacities were not parties, nor were they in privity to a party, in the state action. *See R&J Holding Co.*, 670 F.3d at 427.

Finally, although Moffitt argues that the claim preclusion doctrine does not apply because he needed to exhaust his state remedies before he could obtain relief under §1983, Doc. 11 at 18, his argument is foreclosed by the Third Circuit's decision in *Edmundson* where the court noted that "[d]ecisions of state administrative agencies that have been reviewed by state courts" are given

"preclusive effect in federal courts." *Edmundson*, 4 F.3d at 188 (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 479–85 (1982)).

The court accordingly concludes that all claims against Defendants, except those named in their individual capacities, are dismissed under the claim preclusion doctrine. The remaining claims are addressed below.

### C. The Remainder of Moffitt's Complaint Fails to State a Claim Upon Which Relief May Be Granted

The court will now address the Defendants' arguments that any remaining claims should be dismissed for failure to state a claim. The remaining claims are those raised against Defendants named in their individual capacities.

Moffitt fails to make allegations of personal involvement as to the individual Defendants, therefore, the individual capacity claims fail. In order to succeed on a claim against an individual, a plaintiff must allege the defendant's "personal involvement in the alleged wrongs." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). To make sufficient allegations of a defendant's personal involvement, a plaintiff must describe the defendant's "participation in or knowledge of and acquiescence in" the wrongful conduct. *Id.* In the context of §1983 claims, the Supreme Court requires a showing of "direct responsibility" by the named defendant. *Jutrowski v. Twp of Riverdale*, 904 F.3d 280, 290 (3d Cir.

2018). A plaintiff must plead that each defendant, through their own individual actions, has violated the Constitution. *Id.*

In this case, Moffitt does not allege that the individual Defendants participated in or had knowledge of the wrongful conduct. Further, Moffitt does not allege direct responsibility of individual Defendants through their own individual actions. Therefore, Moffitt does not sufficiently allege personal involvement. *See, e.g.*, *Jankowski v. Lellock*, No. 2:13-CV-00194, 2013 WL 5945782, at *12 (W.D. Pa. Nov. 6, 2013) (concluding the plaintiff had not sufficiently alleged personal involvement as to individual members of a school board). As a result, Claims I, II, III, and V are dismissed without prejudice.

Additionally, the breach of contract claim against Defendants in their individual capacities fails. To state a claim for breach of contract under Pennsylvania law, a plaintiff must plead "(1) the existence of a contract, including its essential terms; (2) a breach of the contract; and, (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, PLLC v. Law Firm of Malone Middleman, P.C.,* 179 A.3d 1093, 1098 (Pa. 2018) (citing *J.F. Walker Co., Inc. v. Excalibur Oil Grp., Inc.*, 792 A.2d 1269, 1272 (Pa. Super. Ct. 2002)). An individual cannot be held liable for breach of contract if the individual is not a party to the contract. *Id.* (citing *Electron Energy Corp. v. Short,* 597 A.2d 175, 177 (Pa. Super. Ct. 1991)).

Here, Moffitt fails to state a claim for breach of contract against the individual Defendants because they were not parties to the contract. (Doc. 1 ¶ 58.) Accordingly, Moffitt's breach of contract claim against Defendants Farr, Weidner, Burke, Galicki, Prebola, Arnold, Parry, and Swilley is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss is granted. Counts I, II, III, and V against Defendants in their individual capacities are dismissed without prejudice. All other claims are dismissed with prejudice. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: April 15, 2020