# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH P. MOFFITT, | : | Civil No. 3:19-CV-00899 |
| Plaintiff, | : | |
| v. | : | |
| TUNKHANNOCK AREA SCHOOL DISTRICT, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

This is a civil rights case arising from an allegedly wrongful termination. The court dismissed the complaint on April 15, 2020, but granted Plaintiff leave to amend his claims against the individual defendants in their individual capacities. Plaintiff has since filed an amended complaint, and Defendants have filed a motion to dismiss. Because the court finds that the amended complaint is barred by the issue preclusion doctrine, the motion to dismiss is granted.

### **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Joseph P. Moffitt ("Moffitt") was formerly employed as a principal with the Tunkhannock Area School District ("TASD" or "the district"). (Doc. 21 ¶ 4.) Moffitt was terminated from his position with the district on September 12, 2016, based on two driving under the influence incidents. (*Id.* ¶ 18.) This

1

termination decision was made following a *Loudermill* hearing[1] that occurred on May 26, 2016 and June 9, 2016.  (*Id.* ¶¶ 28–51.)  Moffitt appealed the district's termination decision to Pennsylvania's Secretary of Education, who upheld the termination.  *Moffitt v. Tunkhannock Area Sch. Dist.*, 192 A.3d 1214, 1216 (Pa. Commw. Ct. 2018) [hereinafter *Moffitt I*].  Moffitt then appealed that decision to the Commonwealth Court of Pennsylvania, which upheld Moffitt's termination on August 13, 2018.  (*Id.* at 1219.)

Moffitt filed the instant case on May 28, 2019, again challenging his termination and naming as defendants TASD, the TASD Board of School Directors ("the Board"), and the individual members of the Board, who were sued in both their individual and official capacities.  (Doc. 1.)  Defendants moved to dismiss the complaint on September 16, 2019, arguing that Moffitt's claims were barred by the issue preclusion and claim preclusion doctrines and that they failed to state a claim upon which relief could be granted.  (Doc. 7.)

The court granted the motion to dismiss on April 15, 2020.  (Docs. 19–20.) The court found that Moffitt's claims against the district, the Board, and the individual defendants in their official capacities were barred by the claim

---

[1] Employees with a protected property interest in continued employment are entitled to an opportunity to hear and respond to charges against them prior to being deprived of continued employment.  *Loudermill v. Cleveland Bd. Of Educ.*, 470 U.S. 532 (1985).

preclusion doctrine and that Moffitt's claims against the individual defendants in their individual capacities failed to state a claim upon which relief could be granted.  (Doc. 19.)  The court accordingly dismissed all claims with prejudice except Moffitt's claims against the individual defendants in their individual capacities, which the court allowed Moffitt to amend.  (Doc. 20.)

Moffitt filed an amended complaint on May 5, 2020.  (Doc. 21.)  Moffitt's allegations in the amended complaint focus on Defendants' actions during his *Loudermill* hearing.  (*See id.*)  Moffitt raises two counts for violation of his due process and equal protection rights, one count for First Amendment retaliation, and one count for wrongful suspension and termination.  (*Id.* ¶¶ 56–83.)

Defendants moved to dismiss the amended complaint on May 19, 2020, arguing that Moffitt's claims are barred by the issue preclusion doctrine and that they fail to state a claim upon which relief may be granted.  (Doc. 22.)  Briefing on the motion has concluded, and it is ripe for the court's disposition.  (Docs. 24–26.)

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

### A. The Court Will Not Convert the Motion to a Motion for Summary Judgment

At the outset, the court will consider whether to convert Defendants' motion to dismiss into a motion for summary judgment.  Moffitt argues that the court should convert the motion and accordingly permit extra time for discovery because Defendants have made two factual statements that are outside the scope of his amended complaint.  (Doc. 25 at 10–12.)  Specifically, Moffitt challenges the following two statements:

> Regarding the unlawful retaliation claim, Plaintiff offered mere speculation that Defendants terminated Plaintiff because of motion rulings in an unrelated federal lawsuit.  However, this speculation hardly rises to the level of a plausible claim as Plaintiff's two DUI

> convictions constituted the true substantial and motivating factors for Plaintiff's suspension and termination.

(Doc. 24 at 11.)

> Further, Plaintiff offered no plausible or factually-sufficient pleadings against any Defendants in their individual capacities regarding any of his claims.

(*Id.* at 14.)

The decision of whether to convert a motion to dismiss into a motion for summary judgment is left to the discretion of the district court. *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 n.11 (3d Cir. 1992). Here, the court declines to convert the motion. The two statements that Moffitt challenges are only relevant to Defendants' argument that Moffitt has not sufficiently pleaded facts to state a claim upon which relief may be granted. As the court concludes below, however, Moffitt's amended complaint is barred by the issue preclusion doctrine, rendering analysis of the factual sufficiency of his pleading unnecessary. Thus, even assuming for the sake of argument that the Defendants' statements introduced facts that should not be considered at this stage, this fact would have no impact on the court's resolution of the motion. Accordingly, the court will not convert the motion into a motion for summary judgment.

## B. Moffitt's Amended Complaint Is Barred by the Issue Preclusion Doctrine

Defendants' first argument is that Moffitt's amended complaint is barred by the issue preclusion doctrine because his claims were already decided by the Commonwealth Court in a previous case. (Doc. 24 at 5–9.) Issue preclusion, also referred to as collateral estoppel, bars re-litigation of an issue identical to an issue that was raised in a prior action. *Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 189 (3d Cir. 1993). When the issue was previously litigated in state court, a federal court is required to give the state court's judgment full faith and credit and "apply the same preclusion rules as would the courts of that state." *Id.*

Under Pennsylvania preclusion rules, the issue preclusion doctrine applies when five conditions are met:

> (1) the issue decided in the prior case is identical to the one presented in the later action; (2) there was a final adjudication on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment.

*Skotnicki v. Ins. Dep't*, 175 A.3d 239, 247 (Pa. 2017) (quoting *Office of Disciplinary Counsel v. Kiesewetter*, 889 A.2d 47, 50–51 (Pa. 2005)).

Issue preclusion is an affirmative defense that the moving party must prove. *See Weiner v. Lex*, 176 A.3d 907, 926 (Pa. Super. Ct. 2017). Accordingly, the

defense fails if the movant fails to establish any of the elements of the defense. *Perelman v. Perelman*, 125 A.3d 1259 (Pa. Super. Ct. 2015). Although the doctrine is an affirmative defense, it can be raised in a motion to dismiss. *Connelly Found. v. Sch. Dist. of Haverford Twp.*, 461 F.2d 495, 496 (3d Cir. 1972).

Here, the court finds that all conditions are present for application of the issue preclusion doctrine. The first condition requires that the issues raised in the prior case and the current case are identical. *Skotnicki*, 175 A.3d at 247. That condition is present here. Moffitt alleges in the present case that his *Loudermill* hearing violated his constitutional rights to due process and equal protection, that his termination constituted retaliation, and that he was wrongfully terminated and suspended. (Doc. 21 ¶¶ 56–83.) All of those issues were litigated before the Commonwealth Court and decided by that court. *See Moffitt I*, 192 A.3d at 1217–19 & n.5.

Moffitt nonetheless argues that the first condition of the issue preclusion analysis is not present. He asserts that "the issue of the Defendants' bias and pretextual behavior has never, in fact, been litigated" because the Secretary of Education denied his appeal and affirmed the district's termination decision "after a legal argument without the taking of testimony." (Doc. 25 at 18.) This argument is without merit. As noted above, the Commonwealth Court directly addressed all of Moffitt's claims. Moreover, Moffitt's amended complaint does not make any

allegations about the process he was afforded during proceedings before the Secretary of Education, so even if that issue had not been litigated before the Commonwealth Court, that fact would have no bearing on this case.

The second condition of the issue preclusion analysis is present because the Commonwealth Court reached a final decision on the merits of Moffitt's claims. *See Moffitt I*, 192 A.3d at 1219. The third condition is also present because Moffitt was a party before the Commonwealth Court and is a party in the present case. *Id.*

The fourth condition requires a finding that the party "against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding." *Skotnicki*, 175 A.3d at 247. Here, Moffitt was given a full and fair opportunity to litigate his case before the Commonwealth Court, *see Moffitt I*, 192 A.3d at 1217–18, and Moffitt does not present any arguments to the contrary. This condition is accordingly met.

The fifth and final condition of the issue preclusion analysis requires a finding that the determination in the prior proceeding was "essential to the judgment." *Skotnicki*, 175 A.3d at 247. This condition is clearly present here. As noted above, Moffitt's constitutional claims, retaliation claim, and wrongful suspension and termination claim were all directly presented to the Commonwealth Court. *See Moffitt I*, 192 A.3d at 1214. The court's resolution of those issues was therefore essential to its judgment.

Other than his aforementioned argument regarding the first element of the issue preclusion analysis, Moffitt raises only one argument as to why his claims are not precluded. Moffitt argues that his claims are not precluded because he was required to exhaust his administrative remedies by appealing to the Secretary of Education and then filing a second appeal to the Commonwealth Court. (Doc. 25 at 13–17.)

Moffitt's argument is based on the erroneous premise that he was required to exhaust state court remedies prior to filing suit in federal court. It is a long-settled principle that "exhaustion of state remedies is *not* a prerequisite to an action under 42 U.S.C. § 1983." *Knick v. Twp. of Scott, Pa.*, 588 U.S. \_\_, 139 S. Ct. 2162, 2167 (2019) (emphasis in original) (quoting *Heck v. Humphrey*, 512 U.S. 477, 480 (1994)). This general rule extends to cases like the present one where an employee of a Pennsylvania school district challenges the district's adverse personnel decision. *See, e.g.*, *Donovan v. Pittston Area Sch. Dist.*, No. 3:14-CV-01657, 2015 WL 3771420, at *8 (M.D. Pa. June 17, 2015) (holding that plaintiff employee challenging school district's decision to demote her "need not exhaust her administrative remedies before filing her § 1983 claim"); *Moffitt v. Tunkhannock Area Sch. Dist.*, No. 3:13-CV-01519, 2013 WL 6909958, at *3 (M.D. Pa. Dec. 31, 2013) (previous action filed by Moffitt and involving same plaintiff's counsel in which Moffitt challenged the district's decision to suspend him and the court held

9

that Moffitt was not required to exhaust his administrative remedies before filing suit). In addition, as the court held in rejecting this argument when analyzing Defendants' motion to dismiss Moffitt's original complaint, *see* Doc. 19 at 10–11, "[d]ecisions of state administrative agencies that have been reviewed by state courts are . . . given preclusive effect in federal courts." *Edmundson*, 4 F.3d at 189 (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 479–85 (1982)).

Accordingly, because all of the elements necessary for a finding of issue preclusion are present and Moffitt has not presented any meritorious arguments to the contrary, the court finds that his amended complaint is barred by the issue preclusion doctrine. Having reached that conclusion, the court will not consider whether the amended complaint alleges sufficient facts to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated: September 30, 2020